## MORRIS v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. EVIDENCE—HEARSAY.
    Where defendant's motorman, as a witness, stated that at the time of the accident in question he did not give his name to any one, evidence of a policeman, thereafter given, that the conductor of the car gave him a certain name as that of the motorman of the car, was objectionable as hearsay.

2. WITNESS—USE OF MEMORANDA—FOUNDATION.
    Where a witness had not expressed or indicated any loss of memory regarding the circumstances detailed in his report of an accident, it was error to permit him to read such report.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward Morris against the New York City Railway Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Herman Gottlieb, for respondent.

FREEDMAN, P. J.    This action is to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant.    Upon the trial the motorman, who was sworn as a witness for the defendant, was asked by plaintiff's counsel if he gave his name to a policeman at the time of the accident as "I. Nathanson," and he stated in answer thereto that he did not give his name to anybody. Subsequently the policeman was permitted to testify, over the defendant's objection, that "the conductor of the car gave me the name 'I. Nathanson' as to the motorman of the car."    This was clearly hearsay testimony, and its effect was to discredit the motorman's testimony. In giving this testimony the witness was also asked to "look at your book in which you entered it; what name of the motorman was given to you at that time?"    To this proper objection was made, and overruled.    Later on the same witness was permitted to read from a book the report of the accident made by him and sent to the station house. At neither reading from the book nor prior thereto had the witness expressed or indicated any loss of memory regarding the circumstances detailed in his report, nor was the book itself offered in evidence.    The rule this violated is too well known to need citations of authorities in its support.    These errors are such as require a reversal of the judgment and the ordering of a new trial.

Judgment reversed.    New trial ordered, with costs to the appellant to abide the event.    All concur.